UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

              Plaintiff,

        v.

JOSE ALBERTO-BESERIEL,

              Defendant.

NO. CR-11-6002-EFS

**ORDER GRANTING THE USAO'S
MOTION TO STRIKE AND DENYING
DEFENDANT'S MOTION TO DISMISS**

A pretrial conference occurred in the above-captioned matter on June 28, 2011, in Richland. Defendant Jose Alberto Beseriel was present, represented by Nicholas Marchi, who appeared telephonically.[1]  Alex Ekstrom appeared for the U.S. Attorney's Office (USAO). Before the Court was Defendant's Motion to Dismiss Indictment, ECF No. 48, which asked the Court to dismiss the Indictment because it relies on fundamentally-flawed deportation orders given that he was denied due process during his two prior deportation proceedings because: 1) during the 1988-deportation proceeding, the immigration judge (IJ) relied on an assault conviction to deport him that was not listed in the Order to Show Cause, Notice of

---

[1]  Mr. Marchi was in a state-court trial in Yakima. He appeared telephonically for the pretrial conference with the Court's and Defendant's permission.

ORDER ~ 1

Hearing, and Warant for Arrest of Alien ("OSC") issued by the Immigration and Naturalization Service (INS), and 2) during the 1990-deportation proceeding, the IJ failed to inform Defendant that he was eligible for relief from deportation through a marriage petition.  The USAO opposes Defendant's motion,[2] and asks the Court to strike Defendant's factual assertions beginning on page 2, lines 7 through 11 and 13 through 19, because these assertions are not factually supported.  ECF No. 50.  This

_____

[2]  The USAO contends Defendant is not entitled to the requested relief because 1) he cannot demonstrate that he exhausted his administrative remedies as required by 8 U.S.C. § 1326(d) since he waived his right to appeal both deportation orders; 2) the Indictment is based solely on the 1990-deportation order, which is not dependent on the 1988-removal order, and therefore the validity of the 1988-deportation order is irrelevant; 3) there is no prejudicial error during the 1988-deportation proceeding because voluntary-departure relief was not available a) for a charge of entering the United States without inspection under INA section 241(a)(1)(B) and b) because Defendant's second-degree-assault conviction was a crime of moral turpitude; and 4) there was no prejudicial error in the 1990-deportation proceeding because Defendant was not eligible for relief from deportation given that he was not married at the time and his second-degree-assault conviction was still a crime of moral turpitude.

ORDER ~ 2

Order supplements the Court's oral ruling granting the USAO's motion to strike[3] and denying Defendant's motion to dismiss.

**A.   Background**

On June 7, 1988, Defendant, who is a Mexican citizen and national, was sentenced to nine-months imprisonment for Assault in the Second Degree in Franklin County Superior Court, for shooting another individual with a pistol. ECF No. 50, Attach. A. Defendant served his imprisonment at the Franklin County Jail, and on November 28, 1988, an INS officer met with Defendant. The INS officer's report states:

> SUBJECT claims to be a citizen of Mexico who illegally entered the United States on or about 3-19-85 near San Ysidro, California. He was not then inspected by an Immigration Officer. He is therefore deportable under Section 241(a)(2).
>
> SUBJECT claims to have worked in the fields picking grapes and broccoli from his initial entry until October of 1987. He stated that he was eligible for legalization under Section 210 but had not applied as of the interview date of 10-11-88. On 5-7-88 in the Superior Court of the State of Washington, Franklin County, Pasco, Washington he was convicted of the offense of Assault in the Second Degree, a Class B felony, in violation of RCW 9A.36.030. This offense being a [crime of moral turpitude] makes him ineligible for [Special Agricultural Workers] benefits and precludes him from voluntary departure.

*Id.* at Attach. B. On that same date, the INS issued an OSC to Defendant at the Franklin County Jail. The OSC stated, "it is charged that you are subject to deportation pursuant to the following provision(s) of law: Section 241(a)(2) of the Immigration and Nationality Act, in that, you

---

[3]   The Court strikes lines 7 through 11 and 13 through 19 on page 2 of Defendant's Motion and Memorandum to Dismiss Indictment, ECF No. 48, because these proffered facts are not supported by any declaration, exhibit, or other evidence.

ORDER ~ 3

entered the United States without inspection."  ECF No. 48, Ex C.  The OSC advised Defendant that he had the opportunity to admit or deny the allegations and that he could present evidence.  *Id.*  It also stated, "You will be advised by the Immigration Judge, before whom you appear, of any relief from deportation for which you may appear eligible.  You will be given a reasonable opportunity to make any such application to the Immigration Judge."  *Id.*

On December 8, 1988, an IJ held a group-deportation hearing. Defendant's attorney's notes from this hearing state Defendant "has a Franklin County conviction of assault 2."  *Id.* at Ex. D.  The IJ ordered Defendant to be deported, and Defendant waived his right to appeal.  *Id.* at Ex. A; ECF No. 50, Attach. C.  Defendant was deported the same day at San Ysidro, California.  ECF No. 50, Attach. C.

Twenty-one days later, Defendant was again in Franklin County Jail. *Id.* at Attach. D.  An INS agent interviewed Defendant.  Defendant was subsequently prosecuted for violating 8 U.S.C. § 1326.  *United States v. Alberto-Beseriel*, No. CR-89-0001-AAM (E.D. Wash.).  Judge Alan McDonald sentenced Defendant to twelve months, and on January 29, 1990, Defendant was ordered removed, and he again waived his right to appeal. ECF No. 25 at 5 ¶¶ 24-26; ECF No. 48 Ex. B.  On February 3, 1990, Defendant was deported at El Paso, Texas.  ECF No. 50, Attach. E.

On January 11, 2011, after being found in eastern Washington, Defendant was charged with the instant offense.  ECF No. 17.  The Indictment charges:

> That on or about November 28, 2010, the defendant, JOSE ALBERTO-BESERIEL, a citizen and National of Mexico, who had theretofore on or about February 3, 1990, at El Paso, Texas,

been denied admission, excluded, deported and removed from the United States, was found in the Eastern District of Washington, and he did not then have the express consent of the Attorney General and the Secretary of the Department of Homeland Security to reapply for admission into the United States; all in violation of Title 8, United States Code, Section 1326; Title 6, United States Code, Sections 202(3)&(4), 557.

*Id.* Defendant seeks dismissal of this Indictment.

**B.    Authority and Analysis**

A deportation order may be collaterally attacked if:

(1) the alien exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair.

8 U.S.C. § 1326(d). Defendant maintains that entry of the 1988 and 1990-deportation orders were fundamentally unfair. To support this challenge, he must show 1) his due-process rights were violated during the underlying deportation proceeding and 2) he suffered prejudice as a result. *See United States v. Ubaldo-Figueroa*, 364 F.3d 1042 (9th Cir. 2004); *United States v. Zarate-Martinez*, 133 F.3d 1194, 1197 (9th Cir. 1998).

First, the Court addresses the USAO's failure-to-administratively-exhaust argument. Because Defendant argues he was denied due process during the underlying deportation proceedings, § 1326(d)(1)'s administrative-exhaustion requirement does not apply. *See Garcia-Ramirez v. Gonzales*, 423 F.3d 935, 938 (9th Cir. 2005) (recognizing that constitutional issues cannot be adjudicated during administrative proceedings). Therefore, the USAO's failure-to-administratively-exhaust argument is unpersuasive.

1    Second, the Court addresses the USAO's argument that the validity

2 of the 1988-deportation order is irrelevant because the Indictment is

3 based on the 1990 deportation, which is not dependent upon the 1988

4 deportation.  The Court agrees that the Indictment is based solely on the

5 1990-deportation order, which is not dependent on the 1988-deportation

6 order and therefore a collateral attack on the 1988-deportation order

7 will not benefit Defendant in this criminal proceeding.

8    Nonetheless, the Court addresses Defendant's collateral attack of

9 the 1988-deportation order.   The Court finds Defendant failed to

10 establish that he was denied due process during the 1988-deportation

11 proceeding.  At the time of the 1988-deportation proceeding, Defendant

12 only had a juvenile cocaine-with-intent-to-deliver adjudication and an

13 adult second-degree-assault conviction.  Defendant does not contest that

14 the IJ was aware of his second-degree-assault conviction, and it is clear

15 that the IJ relied on it because the IJ found Defendant deportable under

16 INA section 241(a)(2), which applies to crimes of moral turpitude.  As

17 a result of this crime-of-moral-turpitude conviction, Defendant, who also

18 had not applied for amnesty or legal permanent resident status before his

19 second-degree-assault conviction, was not entitled to relief from

20 deportation.

21    Even assuming Defendant was unaware that the IJ relied on his

22 second-degree-assault conviction and he therefore did not present

23 evidence and/or argument to contest whether relief was available from

24 deportation, deportation was required under INA section 241(a)(1)(B)

25 because Defendant had entered the United States without inspection.  *See*

26 8 U.S.C. § 1251(a)(1)(B) (eff. until Apr. 23, 1996) ("Any alien who

entered the United States without inspection or at any time or place other than as designated by the Attorney General or is in the United States in violation of this chapter or any other law of the United States is deportable."). Accordingly, even if the Indictment is based on the 1988-deportation order, Defendant failed to show that relief from deportation was appropriate in 1988.

Finally, focusing on the relevant 1990-deportation proceeding, the Court finds no due-process violation. A due-process violation may arise during a deportation proceeding if the IJ fails to advise the individual of available relief from deportation. *United States v. Lopez-Velasquez*, 629 F.3d 894, 897 (9th Cir. 2010) (citing *Ubaldo-Figueroa*, 365 F.3d at 1050). However, "an IJ's duty is limited to informing an alien of a reasonable possibility that the alien is eligible for relief *at the time of the hearing*." *Id.* at 901 (emphasis added). There "may be a narrow exception where an IJ has a duty to inform an alien of relief for which the alien will become eligible imminently . . . ." *Id.* at 895.

Defendant contends the IJ should have inquired whether Defendant was married in order to assess whether relief through a marriage petition was appropriate. At the time of the 1990-deportation proceeding, Defendant was not married and there was no proffered evidence that Defendant was engaged and/or that a wedding was scheduled. Accordingly, because Defendant was neither married nor was there evidence that marriage was imminent, Defendant failed to show that the IJ had a duty to inform him of relief through a marriage petition. There is no evidence that Defendant's due-process rights were violated, let alone that he suffered prejudice as a result.

ORDER ~ 7

**C.   Conclusion**

     For the above-given reasons, **IT IS HEREBY ORDERED:**

     1.   USAO's Motion to Strike, **ECF No. 50**, is **GRANTED**.

     2.   Defendant's Motion to Dismiss Indictment, **ECF No. 48**, is **DENIED**.

     **IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and to provide copies to all counsel.

     **DATED** this ___30th___ day of June 2011.


                         S/ Edward F. Shea
     _____
                         EDWARD F. SHEA
                 United States District Judge

Q:\Criminal\2011\6002.ptc.dism.wpd

ORDER ~ 8